UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  v.  CORNELIUS JACKSON | CAUSE NO.: 1:22-CR-16-HAB  1:24-CV00182-HAB: |

## OPINION AND ORDER

In a *pro se* petition under 28 U.S.C. § 2255, Defendant Cornelius Jackson asks the court to vacate his sentence based on the decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). The Government responded to the petition (ECF No. 58), but Defendant did not reply. Because the Defendant did not file his petition within one year of his judgment becoming final, the Court will dismiss the petition as untimely.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A prisoner has one year from the date on which the judgment of his conviction becomes final to file a § 2255 petition. When a defendant chooses not to appeal, his judgment of conviction becomes final at the end of the period when he could have appealed. *Davis v. United States*, 817

F.3d 319, 325 (7th Cir. 2016); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

The court sentenced Jackson for unlawfully possessing a firearm as a felon and making false statements in connection with the acquiescence of a firearm on January 26, 2023. The Court entered judgment on the same day. Jackson didn't appeal his sentence, and any notice of a direct appeal was required to be filed 14 days later, or February 6, 2023. This made February 6, 2024, the deadline to file a § 2255 petition. Jackson filed his petition on May 6, 2024—well over a year after the deadline. Jackson provides no explanation for the delay. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing and the defendant has been "pursuing his rights diligently"). The petition is therefore untimely and must be dismissed.[1]

## CERTIFCATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880,

---

[1] Although it is not necessary for the Court to reach the ultimate question posed by Jackson – whether the felon in possession statute is constitutional – the Court notes that courts in this division have upheld § 922(g)(1)'s constitutionality under *Bruen*'s historical analysis *See United States v. Regalado*, 709 F.Supp.3d 619 (N.D. Ind.2023).

2

893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) [ECF No. 55] and DECLINES to issue a certificate of appealability.

SO ORDERED on December 9, 2024.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT